E. R. BURT, Auditor of Public Accounts, *v.* JOHN C. HARWOOD.

1. CLERK OF CIRCUIT COURT: HIS RIGHT TO FEES IN STATE CASES.—The clerks of the Circuit Court are not entitled to tax the State with their costs in criminal cases where the defendants are acquitted, or, being convicted, are unable to pay the costs ; for their services in such cases they are entitled to receive a sum not exceeding fifty dollars, payable out of the county treasury.

2. SAME: SAME: CONSTRUCTION OF ART. 60, SEC. 19, CH. 64, OF REV. CODE.— Art. 60, sec. 19, ch. 64, p. 583, of the Revised Code, which makes it the duty of civil officers to inform against and prosecute all violations of the penal laws of the State, and provides that all necessary costs and expenses incurred therein shall be paid, on due proof thereof, out of the State treasury, provides only for the payment of costs and expenses attending the discharge of the duties of civil officers in prosecuting offenders elsewhere than in the Circuit Court.

ERROR to the Circuit Court of Hinds county.  Hon. John Watts, judge.

Defendant in error, as clerk of the Circuit Court of Warren county, presented an account for services rendered in State cases to the plaintiff in error, auditor of public accounts, for allowance.  The account was for the regular taxable cost of the clerk in criminal cases where the State had failed in the prosecution, or the defendant, though convicted, was insolvent.  The auditor refused to allow the account, and therefore defendant in error filed his petition for a mandamus.  A rule was taken on the auditor to show cause why a peremptory mandamus should not issue, requiring him to audit and allow said account and issue his warrant on the State treasurer for the same.

The auditor answered, denying the right of defendant in error to tax the State with the costs contained in his account, and insisting that defendant in error was only entitled in such cases to the sum of fifty dollars per annum, payable out of the county treasury. Upon this answer the court awarded a peremptory mandamus as prayed for, and the auditor sued out this writ of error.

*T. J. Wharton,* attorney-general, for plaintiff in error.

*C. L. Buck,* for defendant in error.

HARRIS, J., delivered the opinion of the court:

The only question presented in this' record is, whether the clerks of the Circuit Court of this State are entitled to tax the State with their costs allowed by the general fee bill, (Rev. Code, p. 143, 144,) in criminal cases, where the defendant, though convicted, is insolvent, or where the State fails in the prosecution.

It seems to be admitted, in the argument for defendant in error, that, under the Articles regulating the fees of clerks already referred to, (ch. 8 of the Rev. Code,) these officers are entitled to no compensation beyond fifty dollars, to be paid out of the county treasury; and such is the obvious conclusion to be drawn from an examination of the general fee bill.

It is insisted, however, that, under the 19th sec. of the 64th ch. of the Rev. Code, Art. 60, p. 583, this provision is changed, and the *State alone* made chargeable with "all necessary costs and expenses incurred" in the prosecution of indictments in the Circuit Court.

It will be observed that Article 60 of this chapter of the Revised Code was passed at the same time with the general fee bill, as a part of the Revised Code; that it belongs to the chapter which treats of "crimes and misdemeanors," and not to the chapter "establishing the fees" of these officers; that it is the first Article of section 19 of that chapter which treats of the *duties* of civil officers, and not of their *fees;* that the *caption* of the section is, "civil officers—duties of." The fee bill and Art. 60 are therefore parts of the same system, enacted at the same.

time, and to be construed upon familiar rules; so that both may stand, if possible, in harmony and consistency, and not one as a virtual repeal of the other. A short review of the history of these provisions we think furnishes an easy and consistent solution of the difficulty presented.

Art. 60, it will be perceived from an examination of the law as it existed prior to the adoption of the Revised Code, is a new provision. It had two objects in view: first, the suppression of crime, and the prosecution of offences, by increasing the number of conservators of the peace, and specially prescribing their *duties* in relation to violations of the penal laws of this State. It requires them "to give information against, and prosecute, every person guilty of a violation" thereof. Second, it intended to provide for the payment of *all* "necessary costs and expenses" incurred by them in such prosecutions, if the defendant should be acquitted, or unable to pay the same; so that there might be no obstacle to the discharge of the important *duty* thus specially imposed. Anterior to the adoption of this article, no provision existed for the payment of costs and expenses often incurred by these civil officers, before courts of inquiry, justices of the peace, and others, and in guarding, feeding, and furnishing persons charged with offences, before indictment and before committal. Provision *had* already been made in the Revised Code by ch. 8 for the court fees of clerks and sheriffs. But for grand jurors and others, whose duty it was to give information, arrest, or prosecute the gravest offences before courts of inquiry, no such provision existed until Art. 60 was introduced.

It is manifest, therefore, that Art. 60 had no reference to those regular duties and fees in the Circuit Court, after indictment, ascertained and fixed, as belonging to clerks and sheriffs, by ch. 8, but had reference solely to the costs and expenses attending the discharge of the duties of civil officers elsewhere than in the Circuit Court.

The Article reads as follows: "Art. 60. It shall be the duty of all grand jurors, justices of the peace, constables, coroners, members of the board of county police, sheriffs, and all other civil or peace officers of the county, without delay, to give information against and prosecute every person who shall be

guilty of a violation of any of the penal laws of this State; and all necessary costs and *expenses* incurred thereon shall be paid, *on due proof thereof*, out of the State treasury, if the defendant is acquitted or unable to pay the same."

The language of the article shows that it has no reference to costs authorized by ch. 8 to be *taxed* in the Circuit Court by the clerk, according to the general fee bill; for both "necessary costs and *expenses*" are required to be *duly proved*, and are not permitted to be *taxed* by the clerk as ordinary costs.

Again, the construction of Art. 60 insisted on by counsel for defendant in error in the case of the clerk would change the 1st Art. of ch. 8, so as to make the *proviso* in relation to the clerk's fees in criminal cases inoperative; and in the case of the sheriff would wholly repeal a plain provision of the same article limiting his fees, in like cases, to fifty dollars in any one year.

The proviso in relation to the fees and public services of the clerk is in these words: "Provided, that no part of such bill shall be for fees which may accrue on prosecutions in which the State may fail and the cost be not taxed on the prosecutor."

The clause in relation to sheriffs is in these words: "The sheriffs' fees in State cases, where the State fails in the prosecution, to an amount not exceeding fifty dollars in any one year, shall be paid out of the State treasury, on the certificate of the clerk of the failure of the prosecution, and that the account of said sheriff for his fees has been allowed by the court and entered on the minutes."

Anterior to the adoption of the Rev. Code, by express provision, (Hutch. Code, p. 433, sec. 185,) the fifty dollars allowance, which the Circuit Court was authorized to make to the clerk, was declared to be "full compensation for all fees which may accrue on prosecutions in which the State may fail and the costs be not taxed on the prosecutor." The proviso above quoted was evidently designed to accomplish the same purpose.

Judgment reversed, and case dismissed here at the cost of defendant in error.